IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  *Plaintiff*,  vs.  ANTONEO MERRITT,  *Defendant.* | Case No. 1:24-cr-7  Judge Jeffery P. Hopkins |

# ORDER

This case is before the Court on Defendant Antoneo Merritt's motion for bond (Doc. 49), and motion for a hearing on his motion for bond (Doc. 56). For the reasons explained more fully below, Defendant's motions are hereby **DENIED**.

### I.  BACKGROUND

Defendant and his three co-defendants have been charged in a multi-count indictment (Doc. 6) with conspiracy to distribute and possess with intent to distribute controlled substances, and possession with intent to distribute controlled substances. On January 26, 2024, Defendant appeared before Magistrate Judge Stephanie K. Bowman for a detention hearing pursuant to 18 U.S.C. § 3142(f). At the close of that hearing, Magistrate Judge Bowman found that Defendant satisfied the requirements for pretrial detention under 18 U.S.C. § 3142(e), and ordered that Defendant be detained pending trial. *See* Doc. 47. Defendant now asks this Court to release him on bond.

## II. LAW & ANALYSIS

### A. Defendant is not entitled to a hearing on his motion for bond.

As here, where a magistrate judge orders that a defendant be detained pending trial, the defendant may "file, with the [district court], a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "While the district court is obligated to review the magistrate [judge's] determination, the district court need not hold a hearing." *United States v. Williams*, No. 2:20-cr-142, 2020 WL 6866404, at *2 (S.D. Ohio Nov. 23, 2020) (collecting cases); *see also United States v. Brown*, No. 3:19-cr-131, 2020 WL 1914818, at *6 (W.D. Ky. Apr. 20, 2020) ("The Bail Reform Act is silent as to whether the defendant is entitled to a hearing on an appeal of a [Magistrate Judge's] detention order. Nevertheless, there is ample authority that a court may decide such a motion based on the filings … without a hearing.").

Defendant had an opportunity to thoroughly present his arguments in favor of release during his detention hearing before Magistrate Judge Bowman. He has also had the chance to renew those and other arguments in his motions. Having reviewed these arguments, the Court finds the request for a hearing in this case not well founded.

To the extent that the present motion could be construed as a request to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f), this request is likewise denied. A detention hearing may be reopened if (1) information exists that was not known to the movant at the time of the hearing; *and* (2) that information has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f). Here, Defendant sets forth no new information that was not known to him at the time of the detention hearing. Therefore, he is not entitled to have the detention hearing reopened under § 3142(f).

Accordingly, Defendant's request for a hearing on his motion for bond is denied.

### B. Defendant's motion for bond must be denied.

Magistrate judges have the authority to decide whether a defendant should be detained or released pending trial. *See* 18 U.S.C. § 3141, 3142. When a magistrate judge orders a defendant detained pending trial under § 3142(e) as a flight risk or danger to the community and the defendant challenges that order before the district court, the "district court reviews [the] magistrate judge's decision *de novo*." *United States v. Parish*, No. 1:21-cr-127-14, 2022 WL 3654892, at *2 (S.D. Ohio Aug. 25, 2022) (quoting *United States v. Rainey*, No. 20-cr-10005-1, 2020 U.S. Dist. LEXIS 89617, at *4 (W.D. Tenn. May 21, 2020)); *see also United States v. Watkins*, No. 13–02, 2013 WL 614252, at *3 (E.D. Ky. Feb. 19, 2013) (noting that while the Sixth Circuit has not directly addressed this issue, the appellate court has observed that "most district courts in the Sixth Circuit have applied the *de novo* standard of review").

There are four factors that the district court must consider in deciding whether the government has proven that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3141(e)(1); *Stone*, 608 F.3d at 946. Those factors include: (1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance; (2) the weight of the evidence of risk of flight or dangerousness; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Stone*, 608 F.3d at 948 (explaining that the second factor "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt").

1. **Nature and Circumstances of the Offense**

Here, the first § 3142(g) factor, the nature and circumstances of the offense, weighs in favor of pretrial detention. Defendant has been charged with two felony offenses, which include conspiring to distribute controlled substances, namely cocaine and fentanyl, and possession with intent to distribute those substances. *See* Doc. 6. If convicted of the offenses charged, Defendant could face up to twenty (20) years in prison. 18 U.S.C. § 841(b)(1)(C). The potential harm to the public caused by Defendant's alleged conduct intensifies the concern for the safety of the community. Fentanyl is a very dangerous substance, and it has been well documented that as few as two milligrams of fentanyl can be lethal if consumed by an average sized man. *See* Facts about Fentanyl.[1] For these reasons, the nature and circumstances of the offense weigh heavily in favor of pretrial detention.

2. **Weight of Evidence of Dangerousness and Risk of Flight**

Next, the Court looks to the weight of the evidence against Defendant. As explained by the Sixth Circuit, the second § 3142(g) factor "goes to the weight of the evidence of dangerousness [and risk of flight], not the weight of the evidence of defendant's guilt." *Stone*, 608 F.3d at 948 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)).

Defendant has multiple drug and firearm-related convictions. Doc. 46, PageID 93–96. He also has a prior conviction for assault. *Id.* Notably, as Defendant himself acknowledges, he was released from incarceration only months before the conspiracy is alleged to have begun in this case after completing a concurrent state sentence for drug and firearm-related charges. Doc. 49, PageID 103. Beyond the significance of the charged offenses and Defendant's recent drug and firearm-related convictions, Defendant poses a serious risk of flight. Defendant has

---

[1] Available at https://www.dea.gov/resources/facts-about-fentanyl.

a well-documented prior history of failing to appear at court proceedings and a history of absconding while on electronic monitoring, including while on bond in relation to his most convictions. Doc. 46, PageID 93–95. This leads the Court to believe that no conditions will assure the appearance of Defendant as required.

Accordingly, the second § 3142(g) factor likewise strongly favors continued detention.

### 3. History and Characteristics of the Defendant

The third § 3142(g) factor requires the Court to consider Defendant's "history and characteristics," which include Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).

Aside from periods of incarceration, Defendant has resided in the Cincinnati area for most or all of his life. He maintains a close relationship with his mother and lived with her until his arrest in this case. Both his mother and his girlfriend reported that Defendant could reside with them if released. *See* Doc. 46. Defendant also has a ten-year-old daughter that he cares for on the weekends. Doc. 49, PageID 103. These characteristics weigh in his favor.

Unfortunately, however, other characteristics do not. Defendant has no employment history. Doc. 46, PageID 92. And as briefly discussed above, Defendant has a significant criminal history that includes prior convictions for drug trafficking, obstruction, trespass, weapons under disability, assault, drug possession, and resisting arrest. *Id.* at PageID 93–96. Perhaps most concerning to this Court is his history of absconding while on electronic monitoring both while on probation and while on bond. *Id.* at PageID 93, 95.

Viewed collectively, Defendant's history and characteristics weigh against release.

### 4. Nature and Seriousness of Danger Posed to the Community

Having addressed the first three factors, the Court now turns to the final § 3142(g) factor and finds that it too favors continued detention. Undoubtedly, "drug trafficking is a serious offense that, in itself, poses a danger to the community." *Stone*, 608 F.3d at 947 n.6 (citations omitted). The Sixth Circuit "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Id*; *see also United States v. Whigham*, No. 22-5444, 2022 U.S. App. LEXIS 19148, at *5 (6th Cir. July 12, 2022) (concluding that an indictment for drug trafficking was enough to find that the fourth § 3142(g) factor weighed in favor of pretrial detention).

The Government alleges that Defendant was found to be in possession of a firearm, drugs, and more than $7,000 in currency when arrested in this case. Defendant, however, argues that nothing in the record supports a finding that he was in possession of a firearm at the time of his arrest. Indeed, the Sixth Circuit has articulated that "a defendant's 'penchant for combining firearms and drugs' demonstrates his danger to the community." *United States v. Coleman*, No. 23-1445, 2023 U.S. App. LEXIS 18144, at *5–6 (6th Cir. July 17, 2023) (quoting *United States v. Voog*, 702 F. App'x 692, 694 (10th Cir. 2017) (order) (per curiam)). Even assuming, however, that Defendant was not in possession of a firearm in relation to the instant offenses, the fourth and final factor nevertheless weighs in favor of detention.

III. **CONCLUSION**

Based on the foregoing, the Court finds that there are no conditions or combination of conditions that could reasonably assure Defendant's appearance and the safety of other persons and the community. Accordingly, Defendant's motions (Docs. 49, 56) are **DENIED**.

**IT IS SO ORDERED.**

<u>April 10, 2024</u>

_Jeffery P. Hopkins_ (signature)
Jeffery P. Hopkins
United States District Judge